IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN REESE,

         Plaintiff,                        No. CIV S-08-1703 KJM-GGH

     vs.

BARTON HEALTHCARE SYSTEMS,

         Defendant.                   <u>ORDER</u>

_____/

         This matter comes before the court on plaintiff's motion for relief from the scheduling order, filed on March 2, 2011.  (ECF 78.)  For the following reasons, the court hereby DENIES plaintiff's motion.

I.       PROCEDURAL HISTORY

         Plaintiff filed the complaint in this matter on July 24, 2008, and her first amended complaint on September 24, 2008.  (ECF 1 & 11.)  Defendant filed an answer to the first amended complaint on December 23, 2008.  (ECF 20.)  The court issued its pretrial scheduling order on January 14, 2009, setting the deadline for completing discovery as April 15, 2010. (ECF 22.)

/////

/////

1

1    Plaintiff filed the present motion for relief from the scheduling order on March 2,

2  2011.  (ECF 78.)  Defendant filed its opposition on March 23, 2011.  (ECF 82.)  Plaintiff filed

3  her reply on March 30, 2011.  (ECF 83.)

4  II.    ANALYSIS

5    A.    Standard

6    Federal Rule of Civil Procedure 16(b)(4) states: "A schedule may be modified

7  only for good cause and with the judge's consent."  The determination of "good cause" "focuses

8  on the reasonable diligence of the moving party."  *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174

9  n.6 (9th Cir. 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

10  1992)).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met

11  despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting

12  Fed. R. Civ. P. 16 advisory committee's notes on 1983 amendment).  "Although the existence or

13  degree of prejudice to the party opposing the modification might supply additional reasons to

14  deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

15  modification. [] If that party was not diligent, the inquiry should end."  *Id*. (internal citation

16  omitted).

17    B.    Application

18    Plaintiff has not shown good cause for the granting of her motion.  Plaintiff asks

19  the court to issue this order allowing her to take the deposition of Cathy Cocking, contending

20  that she did not seek to take this deposition before now because "she felt the case would settle at

21  mediation, and she was trying to limit the costs in the case, in an effort to promote settlement."

22  (Pl.'s Mot. at 2, ECF 79.)  Defendant argues plaintiff does not have good cause because plaintiff

23  knew of Ms. Cocking's identity and role since before the inception of the case, yet plaintiff never

24  noticed her deposition, nor did plaintiff initiate any discussions regarding her deposition until

25  February 2011.  (Def.'s Opp'n at 1.)  In addition, defendant maintains that the mediation plaintiff

26  /////

1   claims postponed her attempts to depose Ms. Cocking took place in January 2011, nine months

2   after the discovery cut-off had passed.  (*Id.*)  Plaintiff does not dispute defendant's chronology.

3             While "[d]eadlines must not be enforced mindlessly . . ." (*Wong v. Regents of the*

4   *Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005)), "[d]isregard of the order would undermine

5   the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and

6   reward the indolent and the cavalier."  *Johnson*, 975 F.2d at 610.  Here, plaintiff was not

7   diligent, as is clear from the fact that this motion was brought eleven months after discovery

8   closed.  *See Hamilton v. Willms*, 2011 U.S. Dist. LEXIS 41771, *17 (E.D. Cal. Mar. 28, 2011)

9   (internal citations omitted) ("This court has held that motions to extend discovery cut off dates

10  filed even a few days before the discovery cut off date lack diligence. [] Clearly, a discovery

11  motion filed approximately one year after the latest possible date upon which discovery had

12  closed is not diligent.").  This lack of diligence is also evidenced by the fact that Ms. Cocking

13  was listed as a potential witness by plaintiff in the joint final pretrial statement filed on

14  November 11, 2010, yet the very same statement indicates the parties did not anticipate any

15  further discovery or motions.  (ECF 76 at 16 & 10.)  Moreover, mediation in this case took place

16  nine months after the discovery cut-off.  It is not plausible that plaintiff looked so far ahead in

17  making a conscious decision to not depose Ms. Cocking earlier in view of possible future

18  settlement.

19            Because the court has found that plaintiff was not diligent, the court need not

20  consider whether defendant would be prejudiced by the granting of this motion.

21  III.    CONCLUSION

22            For the foregoing reasons, plaintiff's motion is DENIED.

23            IT IS SO ORDERED.

24  DATED:  May 10, 2011.

25

26  _____
    UNITED STATES DISTRICT JUDGE

3